**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**NOHEMI VIGIL** and **ARISTEO VIGIL PALACIOS**,

Plaintiffs,

v.

**STATE FARM FIRE AND CASUALTY COMPANY**,

Defendant.

Case No. 3:26-cv-01502-IM

**ORDER GRANTING MOTION TO DISMISS**

Gabriel Aaron Watson, Watson Law Office PC, 5201 SW Westgate Drive, Ste 201, Portland, OR 97221

Laura Hawes Young, Gordon & Polscer, LLC, 1700 Seventh Avenue, Suite 2100, Seattle, WA 98101

**IMMERGUT, District Judge**

This case arises from a fire on November 17, 2024 at Plaintiffs' home, which caused significant damage to the property. Complaint, ECF 1-1 ¶ 7. At the time of the fire, Plaintiffs had a homeowners insurance policy (the "Policy") insuring the Property and providing coverage for fire damage to the dwelling, personal property, and for additional living expenses. *Id.* ¶ 5. Although Defendant State Farm Fire and Casualty Company ("State Farm") accepted coverage for the loss under the Policy in December 2024, *id.* ¶ 9, the parties contest the amount of

coverage that State Farm must provide. *Id.* ¶¶ 9, 11–18; Defendant's Motion to Dismiss ("Def. MTD"), ECF 5 at 5. Plaintiffs bring this case against Defendant State Farm, asserting common law claims under Oregon law and racial discrimination in contracting under 42 U.S.C. § 1981. Currently before the Court is Defendant's Motion to Dismiss, in which Defendant moves to dismiss the discrimination claim under Section 1981. Def. MTD, ECF 5 at 1. For the reasons described below, this Court GRANTS Defendant's Motion to Dismiss, ECF 5.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's claim based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). Courts need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. Section 1981 Claims

Plaintiffs allege in their Complaint that "State Farm intentionally interfered with plaintiffs' federally protected right to the full and equal enjoyment of their contractual benefits on the basis of" Plaintiffs' Mexican American ethnicity, in violation of Section 1981. Complaint, ECF 1-1 ¶¶ 48, 51. Defendants argue that this claim should be dismissed because Plaintiffs "make no factual allegations as to any actions taken or omissions by State Farm that could be

plausibly construed as based in discrimination." Resp. MTD, ECF 5 at 5. This Court finds that Plaintiffs have failed to allege any facts to plausibly plead discrimination under 42 U.S.C. § 1981. Therefore, their claim must be dismissed.

To plead a Section 1981 action, Plaintiffs must allege they are "(1) … a member of a protected class, (2) [] attempted to contract for certain services, and (3) [were] denied the right to contract for those services," and (4) "such services remained available to similarly-situated individuals who were not members of [their] protected class." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). Further, Plaintiffs "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (quoting *Lowe v. City of Monrovia,* 775 F.2d 998, 1010 (9th Cir.1986), *as amended,* 784 F.2d 1407 (9th Cir.1986)); *see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389 (1982) (finding that a Section 1981 claim requires "purposeful discrimination"). It is clear that "overt acts coupled with racial remarks are sufficient to state a claim." *Evans*, 869 F.2d at 1345 (citing *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987)). On the other hand, "[a] recitation of facts without plausible connection to [the discriminatory animus] is not cured by labels and conclusory statements about [] discrimination." *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019).

Plaintiffs have not stated sufficient information to give rise to a plausible inference of ethnically discriminatory intent. Rather, their assertions are conclusory; they provide the Court with no reason to believe that their alleged insurance denials and difficulties with Defendant have anything to do with their ethnicity. The facts here are more like *Christian v. Rancho Grande Manufactured Home Cmty.,* No. 22-16821, 2024 WL 3372687 (9th Cir. July 11, 2024) than *Yoshikawa v. Seguirant*, 41 F.4th 1109 (9th Cir. 2022), *reh'g en banc granted, opinion vacated*,

59 F.4th 998 (9th Cir. 2023), and *opinion vacated on other grounds on reh'g en banc*, 74 F.4th 1042 (9th Cir. 2023). In *Christian*, following a series of property disputes between neighbors, plaintiff filed a Section 1981 claim, alleging racial discrimination based on "differential treatment of comparable white residents," including a specific example and an email in which plaintiff alleged defendant alluded to her race. *Christian*, 2024 WL 3372687 at *1–2. The court found that, even with this, plaintiff "failed to plead sufficient facts to support a plausible inference that [defendant] acted as she did because Christian is Black." *Id.* On the other hand, in *Yoshikawa*, when plaintiff alleged that defendant made a comment on "haoles" and "keeping it local," in asserting a discriminatory contracting claim, the court found that the plaintiff had plausibly stated a claim for racial discrimination under Section 1981. *Yoshikawa*, 41 F.4th at 1113, 1120.

Here, Plaintiffs' ethnicity is not even mentioned in the Complaint until the Section 1981 claim; nothing in the facts alleges that any part of Defendant's behavior has anything to do with Plaintiffs' ethnicity, nor does the Complaint explain Plaintiffs' reasons for believing that is the case. Complaint, ECF 1-1 ¶ 48. The Complaint here, therefore, alleges even fewer facts supporting discrimination than *Christian*—where the court found there was no proper pleading—and certainly less than *Yoshikawa*. Without further allegations as to why Plaintiffs believe that they have experienced adverse treatment because of their ethnicity, Plaintiffs have failed to state a claim. *See Whiting v. Coachella Valley Hous. Coal.,* No. 23-55643, 2024 WL 4891021, at *1 (9th Cir. Nov. 26, 2024) ("The district court properly dismissed [the claim for failure to state a claim] because [plaintiff] failed to allege facts sufficient to show that he was discriminated against on the basis of his race"); *McNeal v. State Farm Fire & Cas. Co.,* No. 24-CV-03146, 2024 WL 4664688, at *3 (E.D. Pa. Nov. 4, 2024) ("Plaintiff must provide factual matter related

to the handling of his claim that would demonstrate his individual claim was handled differently because of his race. He does not, and thus, even assuming all Plaintiff's allegations are true, the Court cannot find that the State Farm's denial of Plaintiff's claim was because of Plaintiff's race."); *Fouche v. St. Charles Hosp.*, 64 F. Supp. 3d 452, 457 (E.D.N.Y. 2014) ("Naked assertions of race discrimination, without any supporting facts, are insufficient to state a Section 1981 claim."); *Jaffe v. Federal Reserve Bank of Chicago,* 586 F. Supp. 106, 109 (N.D. Ill. 1984) ("[Plaintiff] cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief under Section 1981."); *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 685 (E.D. Pa. 2018) ("Beyond mere speculation and conjecture, Plaintiff has not alleged any facts that indicate any of the City Defendants engaged in any conduct evidencing animus or discrimination based on race or ethnicity, or of disparate treatment based on these classifications.").

### B. Leave to Amend

A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs have not yet amended their Complaint and are thus granted leave here to include any additional facts that would support their allegations under Section 1981.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF 5, is GRANTED. Plaintiffs' Section 1981 claim is DISMISSED without prejudice and with leave to amend.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge